**JENNY L. FOLEY, Ph.D., ESQ.**
Nevada Bar No. 9017
E-mail: jfoley@hkm.com
**MARTA D. KURSHUMOVA, ESQ.**
Nevada Bar No. 14728
E-mail: mkurshumova@hkm.com
**HKM EMPLOYMENT ATTORNEYS LLP**
1785 East Sahara, Suite 300
Las Vegas, Nevada 89104
Tel: (702) 805-8340
Fax: (702) 625-3893
E-mail: jfoley@hkm.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| RACHEL KAOHI-ALEMAN, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>HARRAH'S LAS VEGAS, LLC, a Domestic Limited-Liability Company, DOES I -X; ROE CORPORATIONS I -X.<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT AND JURY DEMAND** |

The Plaintiff Rachel Kaohi-Aleman ("**Plaintiff**" or "**Ms. Kaohi-Aleman**") by and through her attorneys, Jenny L. Foley, Ph.D., Esq. and Marta D. Kurshumova, Esq. of HKM Employment Attorneys LLP, hereby complains and alleges as follows:

**JURISDICTION**

1.  This is an action for damages brought by Plaintiff for unlawful workplace discrimination based on sex (pregnancy), disability, and retaliation under Title VII of the Civil Rights Act of 1964 ("**Title VII**"), 42 U.S.C. §2000e *et seq.*; the Americans with Disabilities

Page **1** of **10**

Act ("ADA"), U.S.C. § 12101, et seq; for violation of Nevada Revised Statute §613.330 *et seq.*; and for certain claims brought pursuant to the Nevada Revised Statutes as outlined below.

2. This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343(a) (4) (civil rights action) and 42 U.S.C. §2000e-5(f)(3) (unlawful discrimination and retaliation in employment). Additionally, this Court has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. § 1367.

3. All material allegations contained in this Complaint are believed to have occurred in Clark County, Nevada. Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. §1391(b)(2).

**EXHAUSTION OF ADMINISTRATIVE REMEDY**

4. On or about July 12, 2017, Plaintiff initiated the process of filing a Charge of Discrimination against her employer, the Defendant named in this action with the United States Equal Employment Opportunity Commission ("**EEOC**") wherein she alleged discrimination based on sex (pregnancy), disability, and retaliation.

5. On or about March 2, 2020, Plaintiff received her Notice of Right to Sue from the EEOC.

6. This action is timely filed pursuant to 42 U.S.C. § 2000e-5(f).

7. Plaintiff has exhausted her administrative remedy on all claims pled hereunder prior to filing this action with this Court.

**GENERAL ALLEGATIONS**

8. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

9. Plaintiff is a United States citizen and resident of Clark County, Nevada.

10. Harrah's Las Vegas, LLC ("**Defendant**") is a Domestic Limited-Liability Company.

11. At all times relevant to this matter, Defendant had over 100 employees, and is therefore subject to the provisions of Title VII.

12. Plaintiff first began her employment with Defendant in or about June 2015 as a fountain worker.

13. Plaintiff was qualified for the position and performed here duties well.

14. Plaintiff did not have any issues with her employment until on or about May 16, 2016 when she informed Markos Mendoza ("**Mr. Mendoza**") that she was receiving fertility treatments and would need intermittent time off.

15. Mr. Mendoza's attitude toward Plaintiff changed immediately.

16. Even though Mr. Mendoza was the designated person for requesting time off, he responded to Plaintiff that her request had nothing to do with him and that she has to contact the Employment Service Center ("**ESC**").

17. On or about July 26, 2016, Green Valley Fertility Partners ("**GVFP**") sent a letter to Defendant informing them of Plaintiff's upcoming procedures.

18. More specifically, the letter requested time off for Plaintiff for certain periods of time.

19. Plaintiff also handed the letter to Mr. Mendoza who told Plaintiff there was nothing he could do and directed her to the ESC.

20. On or about July 27, 2016, Plaintiff filed for leave under the Family and Medical Leave Act ("**FMLA**").

21. On or about August 1, 2016, Defendant requested Plaintiff resubmit the FMLA paperwork.

22. During Defendant's review of Plaintiff's request for FMLA leave, Plaintiff diligently followed the Company's procedure for taking time off for necessary doctor appointments by calling the hotline and informing Mr. Mendoza directly.

23. Plaintiff's doctor put her on bedrest on or about August 12, 2016 and again on

or about August 17, 2016.

24. Plaintiff continued to follow the Company's leave policy for medical reasons by calling the hotline and informing Mr. Mendoza directly.

25. On or about August 16, 2016, Defendant denied Plaintiff's FMLA request because allegedly fertility treatments were an elective procedure.

26. On or about August 18, 2016, Defendant suspended Plaintiff because of poor attendance even though Plaintiff had followed all internal procedures notifying Defendant prior to the absences and had informed Defendant of the disability.

27. On or about August 22, 2016, Plaintiff had a meeting with Angela Pfeifauf ("**Ms. Pfeifauf**"), Human Resources Director, and Plaintiff's Union Representative regarding Plaintiff's absences.

28. On or about August 25, 2016, Nick Paloney contacted Plaintiff and told her she may return to work.

29. On or about September 2, 2016, Plaintiff was put on bedrest because of possible miscarriage.

30. In or about the beginning of September 2016, Plaintiff complained to Mr. Mendoza about sex (pregnancy) and disability discrimination.

31. On or about September 7, 2016, Plaintiff filed a second request for FMLA leave.

32. Plaintiff also contacted Mr. Mendoza and the hotline.

33. On or about September 20, 2016, Plaintiff returned to work.

34. Six shifts later, on or about September 28, 2016, Mr. Mendoza told Plaintiff she is removed from work because she did not have a doctor's note releasing her to work.

35. On or about September 30, 2016, Plaintiff suffered a miscarriage and underwent surgery.

36. On or about October 14, 2016, Ms. Pfeifauf advised Plaintiff to apply for accommodations under the Americans With Disabilities Act ("**ADA**").

37. On or about October 20, 2016, Plaintiff submitted ADA paperwork.

38. On or about November 9, 2016, and on or about November 16, 2016, Plaintiff

filed requests for FMLA leave.

39. On or about November 21, 2016, Defendant denied Plaintiff's ADA request.

40. Upon information and belief, Defendant did not have a valid reason for denying Plaintiff's ADA request.

41. On or about November 28, 2016, Defendant issued written discipline to Plaintiff for her absences.

42. Two days later, Ms. Pfeifauf, in the presence of Plaintiff's Union Representative, Martha, told Plaintiff her request for time off for her bedrest should have been accommodated.

43. The same day, Plaintiff filed a claim with the EEOC.

44. On or about December 2, 2016, Plaintiff's doctor sent a request for bedrest extension to HR.

45. On or about December 3, 2016, Defendant terminated Plaintiff without providing a reason.

46. On or about January 27, 2017, Plaintiff filed a grievance with Defendant and the Union to fight the termination decision.

47. On or about August 14, 2017, Defendant sent Plaintiff a Reinstatement of Employment Letter.

48. On or about January 13, 2020, the EEOC issued a Letter of Determination finding that "there is reasonable cause to believe that the Responded violated the ADA when Charging Party was denied her request for reasonable accommodation due to her disability and was then retaliated against for engaging in a protected activity by being disciplined, suspended and discharged.

49. Upon information and belief, Defendant acted toward Plaintiff with an intent to discriminate against her based on her sex (pregnancy).

50. Upon information and belief, Defendant acted toward Plaintiff with an intent to discriminate against her based on her disability.

51. Upon information and belief, Defendant unlawfully retaliated against Plaintiff for submitting a complaint of sex and disability discrimination.

## FIRST CAUSE OF ACTION
### (Discrimination Based on Sex (Pregnancy) in Violation of Title VII, 42 U.S.C. §2000e to 2000e-17)

52. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

53. Plaintiff is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on sex (pregnancy).

54. Defendant as an employer is subject to Title VII, 42 U.S.C. § 2000e et. seq. as amended and thus, has a legal obligation to provide Plaintiff a fair non-discriminatory work environment and employment opportunities.

55. The Pregnancy Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., prohibits discrimination on the basis of pregnancy, childbirth, or related medical conditions.

56. Defendant refused to take reasonably adequate steps to prevent discrimination against Plaintiff by suspending, disciplining and terminating Plaintiff because of her sex (pregnancy).

57. Defendant discriminated against Plaintiff when it failed to treat her the same way as similarly situated employees not of Plaintiff's protected class.

58. No other similarly situated persons, not of Plaintiff's protected class were subject to the same or substantially similar conduct.

59. Plaintiff suffered adverse economic impact due to Defendant's unlawful treatment of her, including her termination.

60. Plaintiff was embarrassed, humiliated, angered and discouraged by the discriminatory actions taken against her.

61. Plaintiff suffered compensable emotional and physical harm, including but not limited to, headaches, sleeplessness, anxiety and depression resulting from this unlawful discrimination by her employer.

62. Plaintiff is entitled to be fully compensated for her emotional disturbance by

being forced to endure this discrimination.

63. Pursuant to 1991 Amendments to Title VII, Plaintiff is entitled to recover punitive damages for Defendant's intentional repeated violations of federal and state civil rights laws.

64. Plaintiff suffered damages in an amount deemed sufficient by the jury.

65. Plaintiff is entitled to an award of reasonable attorney's fees.

66. Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly and intentionally discriminated against Plaintiff because of her sex.

67. Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

## SECOND CAUSE OF ACTION

**(Retaliation under Federal Law, 42 U.S.C. § 2000e-3 and State Law, NRS 613.340)**

68. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

69. In violation of 42 U.S.C § 200e-3, Defendant retaliated against Plaintiff after she complained of acts which he reasonably believed were discriminatory.

70. There may be more detrimental acts of which Plaintiff is unaware which may also constitute retaliation in that it harmed Plaintiff.

71. The actions and conduct by Defendant constitute illegal retaliation which is prohibited by federal and state statutes.

72. Plaintiff suffered damages in an amount deemed sufficient by the jury.

73. Plaintiff is entitled to an award of reasonable attorney's fees.

74. Defendant is guilty of oppression, fraud or malice, express or implied because Defendant knowingly and intentionally retaliated against Plaintiff because she submitted a complaint of sex (pregnancy) and disability discrimination.

75. Therefore, Plaintiff is entitled to recover damages for the sake of example, to

deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

### THIRD CAUSE OF ACTION
### (Discrimination in Violation of the Americans with Disabilities Act, 42 U.S.C. §12101 et. seq.)

76. Plaintiff hereby repleads, re-alleges and incorporates by reference each previous allegation contained in the paragraphs above, as though fully set forth herein.

77. The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112.

78. Because pregnancy and related medical conditions limited at least one of Plaintiff's major life activities, Plaintiff was an individual with a disability under the ADA.

79. Plaintiff was fully qualified to be an Fountain Worker and could perform the essential functions of the position.

80. Defendant is a covered employer to which the ADA applies.

81. Defendant discriminated against Plaintiff's employment because of her pregnancy and related medical condition.

82. Defendant retaliated against Plaintiff because she complained of sex (pregnancy) and disability discrimination.

83. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer both economic and non-economic harm.

### FOURTH CAUSE OF ACTION
### (Retaliation in Violation of the Americans with Disabilities Act, 42 U.S.C. §12101 et. seq.)

84. Plaintiff hereby repleads, re-alleges and incorporates by reference each previous allegation contained in the paragraphs above, as though fully set forth herein.

85. The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., prohibits

employers from retaliating against employees who complaint of discrimination based on disability.

86. Defendant is a covered employer to which the ADA applies.

87. Defendant retaliated against Plaintiff because she complained of sex (pregnancy) and disability discrimination.

88. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer both economic and non-economic harm

## FIFTH CAUSE OF ACTION
### (Violation of N.R.S. Chapter 613)

89. Plaintiff hereby repleads, re-alleges and incorporates by reference each previous allegation contained in the paragraphs above, as though fully set forth herein.

90. Defendant violated NRS Chapter 13 et. seq., by discriminating against Plaintiff because of Plaintiff's sex (pregnancy), disability and retaliated against her for complaining of the same.

91. Specifically, Defendant engaged in discrimination in violation of NRS Chapter 613 when Defendant treated Plaintiff differently because of her sex (pregnancy); when Defendant refused to accommodate Plaintiff; when Defendant suspended and terminated Plaintiff for having to take time off due to her disability.

92. Plaintiff may be unaware of additional detrimental acts constituting retaliation in that it harmed Plaintiff in the workplace.

93. Due to its illegal actions, Defendant must pay damages in an amount to be determined at trial for back pay, front pay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

94. Because Defendant is guilty of oppression, fraud or malice, express or implied, Defendant must pay Plaintiff an additional amount for the sake of example and by way of punishment.

95. Plaintiff has had to obtain the services of an attorney to protect Plaintiff's rights and secure compensation for the damages incurred when Defendant violated Plaintiff's civil

rights, and therefore, she is entitled to recover reasonable attorney's fees against Defendant

**WHEREFORE,** Plaintiff prays this court for:

a. A jury trial on all appropriate claims;

moreover, to enter judgment in favor of the Plaintiff by:

b. Awarding Plaintiff an amount sufficient to fully compensate her (including tax consequences) for all economic losses of any kind, and otherwise make her whole in accordance with Title VII, the ADA and NRS Chapter 613;

c. General damages;

d. Special damages;

e. An award of compensatory and punitive damages to be determined at trial;

f. Liquidated damages;

g. Pre and post-judgment interest;

h. An award of attorney's fees and costs; and

i. Any other relief the court deems just and proper.

Dated this 29th Day of May, 2020.

**HKM EMPLOYMENT ATTORNEYS, LLP**

 /s/ Jenny L. Foley
**JENNY L. FOLEY, Ph.D., Esq.**
Nevada Bar No. 9017
1785 East Sahara, Suite 300
Las Vegas, Nevada 89104
Tel: (702) 577-3029
Fax: (702) 625-3893
E-mail: jfoley@hkm.com
*Attorney for Plaintiff*